FILED

FEB 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA DAVIS, as Personal
Representative of the Estate of G.B.,
deceased,

          Plaintiff-Appellant,

  v.

WASHINGTON STATE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES;
et al.,

          Defendants-Appellees,

 and

JANE DOE STOKES, and the marital
community comprised thereof; JANE DOE
KIRKLAND, and the marital community
comprised thereof,

          Defendants.

No.   18-36044

D.C. No. 2:18-cv-00194-SMJ

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 3, 2020
Seattle, Washington

Before: M. SMITH, N.R. SMITH, and BRESS, Circuit Judges.

Barbara Davis, personal representative of decedent G.B.'s estate, appeals the district court's grant of summary judgment for Jeremy Kirkland, a social worker with the Washington State Department of Social Health Services ("WSDSHS"), based on its determination that Kirkland was entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In determining whether a social worker is entitled to qualified immunity, we must examine "(1) whether the facts, taken in the light most favorable to the party asserting the injury, show that the social workers' conduct violated a constitutional right and (2) if so, whether the right was clearly established, such that a reasonable official would understand that his conduct violated that right." *Cox v. Dep't of Soc. & Health Servs.*, 913 F.3d 831, 837 (9th Cir. 2019) (alterations adopted) (quoting *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010)).

Under our precedents, "[w]here children are in state custody, the Fourteenth Amendment's substantive due process clause protects their liberty interest 'in social worker supervision and protection from harm inflicted by a third party.'" *Id.* (alteration adopted) (quoting *Tamas*, 630 F.3d at 842). We have held that this

liberty interest is violated when a social worker acts with deliberate indifference, which requires a two-part showing: (1) "an objectively substantial risk of harm" and (2) "'that the officials were subjectively aware of facts from which an inference could be drawn' that such a risk existed and that 'either the official actually drew that inference or that a reasonable official would have been compelled to draw that inference.'" *Id.* at 837–38 (quoting *Tamas*, 630 F.3d at 845). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Davis argues that, because Kirkland violated department policies requiring a request of courtesy supervision and a home study from the Spokane office in conjunction with G.B.'s placement in his paternal aunt's home, Kirkland was deliberately indifferent to G.B.'s protected liberty interests. However, "[w]hether the [social worker] violated a state law or an internal departmental policy is not the focus of our inquiry." *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 929 (9th Cir. 2001). Rather, the focus is on whether there is a violation of federal statutory or constitutional rights. *See id.*

Viewing the record in a light most favorable to Davis, there is insufficient evidence to show that there was an objectively substantial risk that G.B. would be physically harmed by his aunt. Kirkland began supervising G.B.'s assigned social

3

worker in August 2014, after G.B. was permanently placed in his aunt's home.

When there were concerns over G.B's social worker's quality of work, Kirkland

promptly began the investigation leading to the social worker's removal from

cases. Kirkland then assigned a new social worker, who requested courtesy

supervision and a home study. Thereafter, G.B. was visited at least monthly by a

social worker. No safety concerns for G.B. were ever reported by social workers.

The single report in December 2014 to WSDSHS suggesting that G.B.'s aunt

posed a risk of harm to G.B. was ultimately determined to be unfounded. Because

these facts known at the time do not rise to the level of an objectively substantial

risk of harm to G.B., the high standard of deliberate indifference is not met. Thus,

Kirkland is entitled to qualified immunity.[1]

**AFFIRMED.[2]**

---

[1] Because we determine there was no objectively substantial risk of harm, we need not decide WSDSHS's contentions about the scope of the clearly established right and the applicability of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] WSDSHS's motion for the court to take judicial notice of two records filed by Davis in the companion case is denied.